UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN LEROY LARSON, JR.,

　　　　　　　Plaintiff,

v.

CLALLAM COUNTY MEDICAL, *et al*.,

　　　　　　　Defendants.

Case No. C24-5435-JLR-MLP

REPORT AND RECOMMENDATION

## I.　INTRODUCTION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Calvin Larson has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint, and the balance of the record, concludes that Plaintiff has not stated a viable claim for relief in this action. This Court therefore recommends that Plaintiff's complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.　DISCUSSION

On June 5, 2024, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983, together with an application to proceed with this action *in forma pauperis*.

REPORT AND RECOMMENDATION
PAGE - 1

(*See* dkt. ## 1, 1-1.) Plaintiff was at that time confined at the Clallam County Jail ("the Jail"), but he was thereafter transferred into the custody of the Washington Department of Corrections. (*See* dkt. # 5 at 2; dkt. ## 7, 11.) Plaintiff alleged in his complaint that he had been denied adequate medical care and otherwise subjected to unconstitutional conditions of confinement at the Jail. (*See* dkt. # 5.)

Specifically, Plaintiff alleged that his Eighth Amendment right to receive adequate medical care was violated when, in December 2023, he was advised by Nurse Lauren that she was removing him from the MOUD[1] program after another offender was caught diverting oral suboxone. (Dkt. # 5 at 4, 8.) Plaintiff appeared to also allege that his Fourteenth Amendment right to due process was violated when his requests for treatment of the symptoms he experienced following his removal from the MOUD program were ignored and/or treatment was substantially delayed. (*Id*. at 9.) Finally, Plaintiff alleged that he had been denied his "right to fair treatment" as a result of being taken off his medication because of the actions of another offender. (*Id*. at 14.)

Plaintiff identified as Defendants in his complaint Clallam County Medical, Wellpath Medical, Medical Director Kimberly Yackun, and Clallam County Sheriff Brian King. (*See* dkt. # 5 at 1, 3.) As relief, Plaintiff requested that the "parties involved," including the Jail nurses, "be held accountable for their actions." (*Id*. at 19.) Plaintiff also asked that new policies be put in place for the MOUD program, and that he be awarded $30,000 for his pain, suffering, and humiliation. (*Id*.)

---

[1] MOUD, as used in Plaintiff's complaint and supporting materials, appears to be a reference to Medications for Opioid Use Disorder. *See* https://www.fda.gov/drugs/information-drug-class/information-about-medications-opioid-use-disorder-moud (last accessed November 12, 2024).

REPORT AND RECOMMENDATION
PAGE - 2

After reviewing Plaintiff's complaint, this Court concluded that Plaintiff had not stated any viable claim for relief in his pleading. Thus, on July 1, 2024, the Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint correcting specified deficiencies. (Dkt. # 6.) Among the deficiencies noted therein were that Plaintiff failed to clearly assert a cause of action against any of the named Defendants, failed to set forth plausible claims of inadequate medical care or unconstitutional conditions of confinement, and failed to state a claim for relief under § 1983 as to alleged deficiencies in the Jail's grievance process. (*Id*. at 5-9.) Plaintiff was given thirty days to file an amended complaint correcting the noted deficiencies and was advised that if he failed to timely file an amended complaint, or to correct the deficiencies identified by the Court, the Court would recommend that the action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii). (*Id.* at 9.)

The Court's Order declining to serve Plaintiff's complaint, and an accompanying order granting Plaintiff leave to proceed with this action *in forma pauperis*, were sent to Plaintiff at his address of record, the Clallam County Jail. (*See* dkt. ## 4, 6.) However, because Plaintiff was apparently transferred into DOC custody around the time the Court issued these Orders and it was unclear whether Plaintiff had actually received them, the Court granted Plaintiff some additional time to file his amended complaint. (*See* dkt. # 12.) Plaintiff's amended complaint was due not later than October 10, 2024. (*See id.*) To date, Plaintiff has filed no amended complaint. Because Plaintiff failed to state any viable claim for relief in his original complaint, and because he has not filed an amended complaint correcting the deficiencies identified by the Court, this action must be dismissed.

### III.  CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state any claim upon which relief may be granted under § 1983. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 6, 2024**.

DATED this 15th day of November, 2024.

                                                                     MICHELLE L. PETERSON
                                                                     United States Magistrate Judge